UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HECTOR MANUEL MARADIAGA SANTOS (A# 095-094-334),

Petitioner,

v.

WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al.,

Respondents.

No.  1:26-cv-1497 DC AC

FINDINGS & RECOMMENDATIONS

Petitioner is a federal immigration detainee proceeding with a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.  This action was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).  Pending before the undersigned are the petition for writ of habeas corpus and petitioner's motion to compel.  ECF Nos. 1, 14.

I.      Petition for Writ of Habeas Corpus

        A.  Procedural Background

Petitioner, through counsel, filed a petition for writ of habeas corpus and a motion for temporary restraining order ("TRO").  ECF Nos. 1, 8.  The district judge issued a minute order setting a briefing schedule for the motion for TRO and ordered respondents to "substantively address whether there are any factual or legal issue in this case that materially distinguish it from the court's prior orders" in "*Alvarez-Maciel v. Noem*, No. 1:26-cv-01318-DC-CKD, 2026 WL

1

496948 (E.D. Cal. Feb. 23, 2026), and *Barajas Ortiz v. Chestnut*, No. 1:26-cv-01167-DC-SCR, Doc. No. 11 (E.D. Cal. Feb. 24, 2026)." ECF No. 9.

On February 27, 2026, respondents filed an opposition to the motion for TRO, and petitioner filed a reply. ECF Nos. 10, 11. Because respondents' opposition to the TRO acknowledged that this case is not substantively distinguishable from the cases identified by the district judge, the court granted petitioner's motion for TRO, ordered petitioner's immediate release from custody, enjoined respondents from imposing "any additional restrictions on him, such as electronic monitoring unless that is determined to be necessary at a future pre-deprivation/custody hearing," and enjoined respondents from attempting to re-detain petitioner without "a bond hearing pursuant to 8 C.F.R. § 1236.1(c)(8) at which Petitioner shall bear the burden of showing that he is not a flight risk or a risk to community safety." ECF No. 12. With respondents' consent, ECF No. 10, the court converted the motion for TRO to a motion for preliminary injunction and issued a preliminary injunction on the same terms as the TRO. ECF No. 12. The case was then referred to the undersigned. Id.

The undersigned issued a minute order acknowledging review of the petition and all prior filings in this action and ordered that "[i]f further briefing and evidence is needed, respondents may file an answer within fourteen days from the date of this order" and petitioner "may file a traverse within seven days of the date an answer is filed or due." ECF No. 13. The deadline for respondents to file further briefing and evidence has passed, with no such filing. Although the deadline to file an additional reply has not run, for the reasons discussed below the undersigned finds she does not need further briefing to make findings and recommendations in this action.

B. Legal Standard

The Constitution guarantees the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). The writ of habeas corpus extends to a prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States."

8 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001) (citation omitted), superseded by statute on other grounds, Nasrallah v. Barr, 590 U.S. 573580 (2020).   "District courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order[.]"  Lopez-Marroquin v. Barr, 955 F.3d 759 (9th Cir. 2020) (citation omitted); see also Zadvydas, 533 U.S. at 688 ("We conclude that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention.").

### C.  Undisputed Facts

Petitioner, a citizen and national of Honduras, entered the United States without inspection on or about July 2, 1998, at or near the southern border of Arizona.  ECF No. 1 ¶ 55; ECF No. 1-11 at 2-4.  For almost twenty-eight years, petitioner resided in the United States before he was detained by Immigration and Customs Enforcement ("ICE") on January 26, 2026.  ECF No. 1 ¶¶ 55-64.  During this time, petitioner developed strong ties in the United States, where his two daughters, son, and father reside.  Id. ¶ 66; ECF Nos. 1-9, 1-10.  His father and son are both United States citizens.  ECF No. 1-11 at 1-4; ECF No. 1-8.

In 2017, petitioner's father submitted a family-based petition to provide petitioner a pathway to lawful permanent residency.  ECF No. 1 ¶ 58; ECF No. 1-4.  On January 26, 2026, at the time of his detention, petitioner had a valid employment authorization document ("EAD") issued based on his pending asylum application (category C08).  ECF No. 1 ¶ 64.

On February 2, 2026, petitioner sought a bond redetermination hearing before an immigration judge ("IJ").  Id. ¶ 68.  On February 13, 2026, the IJ found that pursuant to Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025), he was unable to consider petitioner's bond request.  Id. ¶ 69.

### D.  Discussion

The petition asserts petitioner is unlawfully detained in violation of the Immigration and Nationality Act ("INA"), the INA's implementing regulations, and the Fifth Amendment Due

Process Clause.  ECF No. 1 at 18-22.  By way of relief, petitioner seeks his immediate release from custody or a constitutionally adequate bond hearing.  Id. at 23.

In the opposition to the motion for TRO—which as noted above is respondents' only briefing in this matter, despite an opportunity to provide further briefing—respondents concede that "[t]his matter is not substantively distinguishable from" Alvarez-Maciel, 2026 WL 496948, and Barajas Ortiz, No. 1:26-cv-01167-DC-SCR, Doc. No. 11.  ECF No. 10 at 1-2.  Nonetheless, respondents argue that petitioner is an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), not entitled to a bond hearing, and only owed the procedural due process authorized by Congress.  Id. at 2-3.

Because the undersigned finds, and respondents acknowledge, that this case is not substantively distinguishable from Alvarez-Maciel, the undersigned adopts the reasoning in Alvarez-Maciel and similarly finds that petitioner, who entered the United States without inspection and resided in the United States for approximately twenty-eight years before he was detained by ICE, is subject to discretionary detention under 8 U.S.C. § 1226(a) and entitled to a bond hearing.  Alvarez-Maciel, 2026 WL 496948 at *4 (the majority of courts have "generally held that section 1226 rather than section 1225 is the appropriate section to apply in cases in which a noncitizen is already living in the United States") (collecting cases); see also Perez v. Warden, 2:26-cv-0873 DJC AC, 2026 WL 788131 (E.D. Cal. March 20, 2026) (granting petition for writ of habeas corpus and ordering petitioner's immediate release after finding petitioner, who has been present in the United States for years prior to his present detention, is entitled to the procedures and rights afforded under 8 U.S.C. § 1226(a)).  The undersigned accordingly finds that by detaining petitioner under § 1225(b) and denying him a bond hearing respondents violated the INA and relevant implementing regulations.

II.    Motion to Compel

Petitioner has filed a motion to compel seeking an order from the court directing respondents to return his belongings which were confiscated upon his detention and were not provided upon his release.  ECF No. 14.  Specifically, petitioner seeks the return of his EAD, Social Security Card, and Florida Driver's License.  Id. at 1.

The undersigned construes the motion to compel as a motion for a preliminary injunctive relief and recommends it be denied as moot.  This court routinely orders the return of petitioner's documents (e.g. identification, passport, work permit, Social Security card, etc.) upon petitioner's release and/or after granting a petition for writ of habeas corpus.  This case is no different.  Accordingly, if the district judge adopts the undersigned findings and recommendation, the motion for preliminary injunctive relief should be denied as moot.

<u>CONCLUSION</u>

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Petitioner's petition for a writ of habeas corpus (ECF No. 1) be GRANTED as follows:

    a.   Respondents be ENJOINED and RESTRAINED from attempting to re-detain petitioner unless they comply with the requirements under 8 U.S.C. § 1226(a) and its implementing regulations.

    b.   Respondents be ORDERED to RETURN all of petitioner's documents and possessions, including but not limited to his work permit, Social Security card, and Florida drivers' license within three days from the adoption of these findings and recommendations.

    c.   The order enjoining respondents state that the order does not address the circumstances in which respondents may detain petitioner in the event petitioner becomes subject to an executable final order of removal.

2.  Petitioner's motion to compel (ECF No. 14) be construed as a motion for preliminary injunction and be DENIED as MOOT.

3.  The Clerk of the Court be directed to enter judgment in favor of petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file

objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 26, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE